IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TAKISHA M. HARRIS**                                                         **MOVANT**

**V.**                                             **NO.:  3:13CR42-MPM**

**UNITED STATES OF AMERICA**                                     **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Takisha M. Harris' *pro se* motion for a "Minor-role Amendment Reduction 3B1.1," which the Court construes as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255, or alternatively, as a motion to modify her sentence pursuant to 18 U.S.C. §3582(c)(2).  Having considered the pleadings and the record, including the relevant parts of Harris' underlying criminal case, along with the relevant law, the Court finds that an evidentiary hearing is unnecessary[1], and that the instant motion should be denied.

### Background

On July 25, 2013, Takisha Harris pled guilty to a two-count Information charging her (1) with conspiracy to travel in interstate commerce with the intent to distribute proceeds of the distribution of cocaine; and (2) bank fraud.  *See* Docs. #7-#8, #10.  The Court sentenced Harris to 80-month and 60-month concurrent terms of incarceration for the offenses on November 4, 2013.

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief.  *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).  It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence.  *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982).  Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required.  *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

Doc. #27. Judgment was entered in the case on November 13, 2013. *Id*. Harris did not appeal.

On June 8, 2015, the Court granted Harris' unopposed motion, filed through counsel, to reduce sentence under 18 U.S.C. §3582(c) and reduced her sentence to two 57-month concurrent terms of incarceration.[2] *See* Docs. #29, #30, and #31. Proceeding *pro se*, Harris subsequently filed an opposed motion asking the Court to order the Government to file a motion to reduce for substantial assistance, which the Court denied. *See* Docs. #33-#35.

On or about January 31, 2017, Harris filed the instant motion arguing that her federal sentence should be recalculated with the benefit of the minor-role sentencing reduction found in Amendment 794 to the United States Sentencing Guidelines ("U.S.S.G."), which took effect November 1, 2015, and clarified U.S.S.G. §3B1.2 in defining role and level of participation in crime. *See* U.S.S.G. 3B1.2, app. n.3(C) ("[A] defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.").

## 28 U.S.C. § 2255

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). However, a motion brought pursuant to §2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under 28 U.S.C. §2255: (1) the sentence was imposed in

---

[2] The motion was filed on Harris' behalf by the Federal Public Defender after Amendment 782 to the United States Sentencing Guidelines was added to the list of retroactive amendments in U.S.S.G. §1B1.10(d). *See* Doc. #29.

2

violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a). Collateral attack limits a movant's allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under §2255 is reserved, therefore, for violations of "constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

A motion filed under §2255 must comply with the statute's one-year period of limitation, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Harris argues that her §2255 motion is timely, presumably under the provisions of §2255(f)(3), inasmuch as Amendment 794 did not become effective until November 1, 2015. However, because Harris' motion is not based on a right newly recognized and made retroactive by the United States Supreme Court, §2255(f)(3) is inapplicable. *See, e.g., United States v.*

3

*Song*, No 1:11CR67-HSO-JMR-1, 2016 WL 6537979, at *2 (S.D. Miss. Nov. 3, 2016) ("Because Song's claim [relying on Amendment 794] is not based on a right newly recognized and made retroactively applicable to cases on collateral review by the Supreme Court, § 2255(f)(3) does not apply."). Therefore, the statute mandates that her §2255 motion be filed within one year of the date her conviction became final.[3]

Harris' judgment was entered on November 13, 2013. Doc. #27. She did not appeal. Therefore, her judgment of conviction became final fourteen days later on November 27, 2013. *See* Fed. R. App. P. 4(b)(1)(A) (providing a defendant in a criminal case must file a notice of appeal within 14 days after the later of the entry of either the judgment or order being appealed or the government's notice of appeal).[4] Therefore, under §2255(f)(1), Harris' motion was due on or including November 27, 2014. The instant motion was not "filed" until January 31, 2017, the date it was signed and deposited in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (holding petition "filed" when delivered to prison authorities for mailing). Furthermore, because Harris has not demonstrated that she has been diligently pursing her rights and "that some extraordinary circumstance" prevented her timely filing of a §2255 motion, the Court finds equitable tolling is not appropriate. *See, e.g., United States v. Petty*, 530 F.3d 361, 364-65 (5th Cir. 2008). Accordingly, to the extent the instant motion may be construed as a

---

[3] The provisions of 28 U.S.C. §2255(f)(2) & (f)(4) are inapplicable in this case.

[4] The date the order was entered reducing Harris' sentence did not alter the date the "judgment of conviction" became final under 2255(f)(1). *See Abbott v. United States*, No. CIV. A. 98 1449, 1998 WL 229652, at *2–3 (E.D. Pa. Apr. 29, 1998) ("The law is clear that a modification of sentence pursuant to 18 U.S.C. § 3582(c) does not effect the finality of judgment[.]").

4

§2255 motion, it is untimely and should be dismissed.[5]

## 18 U.S.C. §3582(c)(2)

Despite Harris' characterization of her motion as arising under §2255, the Court additionally considers whether she is entitled to a retroactive sentence reduction under 18 U.S.C. §3582(c)(2). While a court is required to sentence a defendant using the United States Sentencing Guidelines manual in effect on the date of a defendant's sentencing, *see, e.g., Dorsey v. United States*, 132 S. Ct. 2321, 2332 (2012), a defendant whose case has otherwise become final on direct appeal may otherwise have his or her sentence modified if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2).

A court may order a sentence reduction only if a reduction is consistent with the policy statements issued by the Sentencing Commission, which are found in U.S.S.G. §1B1.10. *See Dillion v. United States*, 560 U.S. 817, 826 (2010) (holding §3582(c)(2) "establishes a two-step inquiry. A court must first determine that a reduction is consistent with §1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)."). Harris' claim fails under this standard, as her sentence is final and U.S.S.G. §1B1.10 does not list Amendment 794 for retroactive effect. *See United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997) ("[18 U.S.C.] 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is

---

[5] The Court otherwise notes that even if the federal limitations period began to run on November 1, 2015, when Amendment 794 became effective, the one-year limitations period would have expired on November 1, 2016, months before the instant motion was filed on January 31, 2017.

consistent with the policy statements issued by the Sentencing Commission.... The applicable policy statement is [Sentencing Guideline] §1B1.10."); *Vergara v. United States*, No. EP-14-CR222-KC-1, 2016 WL 5717843, at *2–3 (W.D. Tex. Sept. 30, 2016) (finding "[t]he Sentencing Guidelines list all amendments eligible for retroactive effect. If an amendment is not listed, a retroactive sentence reduction is not authorized. The list does not include Amendment 794."). Therefore, Harris is not eligible for relief by the terms of 18 U.S.C. §3582(c)(2).

## Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Harris must obtain a COA before she may appeal the denial of her §2255 motion. 28 U.S.C. §2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to COA determination in §2255 proceeding). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

**Conclusion**

For the reasons set forth herein, the instant motion [39] is **DENIED**, and this matter is **DISMISSED WITH PREJUDICE**. A COA is **DENIED**. A separate final judgment will enter today.

**SO ORDERED** this 20th day of April, 2017.

/s/ Michael P. Mills
**MICHAEL P. MILLS**
**U.S. DISTRICT JUDGE**